# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUCIO CELIZ BLANCO,<br><br>            Petitioner,<br><br>        v.<br><br>JOHN DOE, Warden, California City Corrections Center; JOHN DOE, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, in their official capacities,<br><br>            Respondents. | Case No.: 1:26-cv-01575-JLT-HBK (HC)<br><br>A File No.: 221-492-622<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 1, 9) |

Jose Lucio Celiz Blanco is an immigrant detainee in U.S. Immigration Customs and Enforcement custody at the California City Detention Center in California City, California, proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 3, 2026, the assigned magistrate judge issued Findings and Recommendations to grant the Petition. (Doc. 9.) The Court served the Findings and Recommendations on all parties

1

and notified them that any objections were due within 14 days. (*Id.*) In addition, the Court advised "that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). No objections were filed, and the deadline to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis, though the Court departs slightly from the recommendation as to the nature of the bond hearing that must be provided. See *R.P.V. v. Wofford*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887, at *1 (E.D. Cal. Mar. 6, 2026).

Based upon the foregoing, the Court **ORDERS**:

1.  The Findings and Recommendations issued on April 3, 2026 (Doc. 9) are **ADOPTED** in full.

2.  The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3.  Within 10 days of the date of this Order, Respondents **SHALL** (1) provide Petitioner with a substantive bond hearing pursuant to 8 U.S.C. § 1226(a), at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and/or presents a flight risk if not detained, or (2) release Petitioner from custody under reasonable conditions of supervision.

4.  The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **April 17, 2026**

_____
UNITED STATES DISTRICT JUDGE

2